**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GIRARD TECHNOLOGIES INC., GOT TO GO TOWING AND RECOVERY INC., | CASE NO. 4:22-CV-00655-BYP |
| Plaintiffs, | DISTRICT JUDGE BENITA PEARSON |
| v. | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| RICHARD STILES, YOUNGSTOWN TOWING LLC, STACY FERRO, BLOOD BROS. TRUCKING LIMITED LIABILITY COMPANY, | **REPORT & RECOMMENDATION** |
| Defendants, | |

This matter is before this Court upon the referral to conduct contempt proceedings and prepare a report and recommendation on Plaintiffs' Motion to Show Cause (ECF No. 31). (*See* Order [non-document] dated March 10, 2023). Having held a contempt hearing on March 24, 2023, and a follow-up contempt hearing on May 4, 2023, for the following reasons this Court recommends that third-party Matthew Bugno be ordered to pay sanctions to Plaintiffs in the amount of $98.75.

I. Background

Third-Party Matthew Bugno was served with a subpoena that required him to attend a deposition on December 29, 2022. Mr. Bugno failed to appear for the deposition. Following the failure to appear, Plaintiffs moved the court for an order requiring Mr. Bugno to show cause as to why he should not be held in contempt of Court for failure to respond to a subpoena and appear

1

for his deposition. (*See* ECF No. 31). The Court held a Show Cause Hearing on March 10, 2023. (*See* ECF No. 42). Following the hearing, the Court found by clear and convincing evidence that Mr. Bugno was in contempt of Court "for failure to obey the subpoena and appear for his deposition." (ECF No. 42 at 3). The Court issued a warrant for the arrest of Mr. Bugno and referred the matter to this Court for further proceedings and to recommend sanctions. (ECF No. 42, Order [non-document] dated March 10, 2023).

On March 24, 2023, following Mr. Bugno's arrest, this Court held a contempt hearing during which Assistant Federal Public Defender Edward Bryan was appointed as Mr. Bugno's counsel. During the hearing, Plaintiffs' counsel Attorney Brunner informed the Court that counsel for Defendants had been in touch with Mr. Bungo and had been able to reschedule his deposition for March 30, 2023. When asked by the Court if he was able and willing to attend the March 30, 2023 deposition, Mr. Bugno agreed that he would attend. The Court directed Plaintiffs to file a brief within five days of the deposition if they intended to pursue monetary sanctions against Mr. Bugno. (ECF No. 43 at 2). Plaintiffs' request included fees and costs incurred for completing Mr. Bugno's deposition on March 30, 2023. On April 4, 2023, Plaintiffs filed their brief requesting $6,612.74 for fees and expenses that Plaintiffs allegedly incurred in completing the deposition of Mr. Bugno. (ECF No. 46). Mr. Bugno did not file a response to Plaintiffs' sanctions brief.

The continued contempt hearing was held on May 4, 2023.[1] The Court heard from Attorney Brunner regarding his brief on sanctions. Attorney Brunner confirmed that Mr. Bugno had attended his deposition on March 30, 2023 and was fully cooperative. Attorney Bryan was given an opportunity to reply on behalf of Mr. Bugno. This Court took the matter under advisement.

---

[1] The Contempt Hearing was initially scheduled for April 25, 2023. Upon the request of Attorney Bryan, the hearing was rescheduled to May 4, 2023. (*See* Notice [non-document] dated April 17, 2023 and Order[non-document] dated April 18, 2023).

II. Law & Analysis

Previously, the District Court found Mr. Bugno in contempt of court for failing to respond to a subpoena and appear for his deposition and referred the matter to this Court for a determination on sanctions. (ECF Nos. 35, 42). A "[trial] court ha[s] broad discretion to fashion an appropriate remedy for ... contempt," and "[i]n a civil contempt proceeding, judicial sanctions can be used not only to coerce compliance, but also to compensate the complainant." *Williamson v. Recovery Ltd. P'ship*, 467 Fed.Appx. 382, 396 (6th Cir. 2012) (internal quotation marks omitted). Here, following this Court's initial contempt hearing on March 24, 2023, Mr. Bugno attended his deposition and, by all accounts, cooperated fully with Plaintiffs' questions. Accordingly, Mr. Bugno cured his failure to comply with the subpoena. Nonetheless, this Court finds that Mr. Bugno's method for challenging the subpoena – or lack thereof – requires additional sanctions.

Plaintiffs request fees and expenses they claim to have incurred "in completing the deposition of Mr. Matthew Bugno." (ECF No. 46 at 1). In order to recover fees and expenses as compensation for contemptuous conduct, a party must demonstrate that the fees and expenses were actually incurred as a result of the contempt. *See Ross v. Meyers*, 883 F.2d 486, 491 (6th Cir.1989) ("A compensatory sanction [for contempt of court] must be based upon ... actual losses sustained as a result of the contumacy.") (internal quotation marks omitted). The aim of civil contempt proceedings is to bring a party into compliance, not to punish. *Am. Consol. Indus., Inc. v. Blasingim*, No. 1:19-CV-137, 2022 WL 17687491, at *24 (N.D. Ohio Dec. 15, 2022).

First, Plaintiffs request fees for the non-appearance of Mr. Bugno at his deposition on December 29, 2022. Plaintiffs request $1,382.50 in attorney fees for 3.5 hours of travel time to and from the deposition and a court reporter fee of $132.90. Plaintiffs acknowledge that the deposition of Defendant Stacy Farro occurred on the same date and location; thus, travel time for the attorney

3

was necessary regardless of Mr. Bugno's failure to appear. Plaintiffs failed to include any justification for incurring a fee for court reporter services for a deposition that did not occur. Accordingly, this Court recommends that Plaintiffs' request for these amounts be denied.

Second, Plaintiffs request fees and expenses for appearing at the March 10, 2023, show cause hearing. Plaintiffs request $2,468.75 for attorney fees for 6.25 hours of travel and prep time and $224.77 for travelling 338 miles. Although a party may recover fees and expenses actually incurred, the court has broad discretion in determining whether to impose a monetary sanction. *Williamson*, 467 Fed.Appx. at 396. Here, the show cause hearing lasted 28 minutes (*see* Minutes of proceedings [non-document] entry dated March 10, 2023); the remainder of the fees and expense are for travel and prep time, but the amounts incurred during each were not further specified. Although Plaintiffs certainly have the right to counsel of their choosing, the Court will not recommend that non-party Mr. Bugno be punished for Plaintiffs' decision to retain out-of-jurisdiction counsel. Plaintiffs chose to retain counsel from outside of Youngstown, Ohio. Had Plaintiffs chosen local counsel they would have avoided the extra costs involved for travel and mileage. Additionally, the District Court's finding of contempt of Court did not include Mr. Bugno's failure to attend the show cause hearing. (*See* ECF No. 42 (holding Mr. Bugno in contempt of Court for failing to obey the subpoena and appear for his deposition but noting that Mr. Bugno's unexcused absence from the show cause hearing was "additional cause for concern.")). Thus, arguably, these 28 minutes of fees were not incurred as a result of Mr. Bugno's contempt of Court. Witnesses have a right to challenge their subpoena; people can have legitimate reasons not to comply with a subpoena request. *See* Fed. R. Civ. P. 45(d)(2)(B) (a nonparty may send objections to the issuing party within fourteen days or by the deadline provided in the subpoena, whichever is earlier); *see also* Fed. R. Civ. P. 35(d)(3) (a nonparty can challenge the

subpoena by filing a motion to quash). A show cause hearing is merely the next step in litigation when attempting to obtain assistance from the court in a discovery related matter; although there may be times that a proper sanction would include the fees and expenses incurred in relation to a show cause hearing, the facts here do not warrant such a sanction. Accordingly, this Court recommends that Plaintiffs' request be denied.

Third, Plaintiffs request one hour of attorney fees at $395 per hour for the contempt hearing held via telephone on March 24, 2023. (ECF No. 46 at 1 ("03/24/2023 Contempt Hearing via Telephone; Attorney Fees: 1.00 hour @ $395 = $395.00; Total: $395.00")). The hearing, however, took fifteen minutes. (*See* docket text for March 23, 2023 Minute Order at ECF No. 43). Plaintiffs did not indicate, as they did for other entries in the sanctions brief, that any of the requested time included prep time. Accordingly, this Court recommends awarding attorney fees for the fifteen-minute hearing.

Finally, Plaintiffs request attorney fees and expenses for the deposition that took place on March 30, 2023. Specifically, Plaintiffs request $231.42 for travelling 348 miles for the deposition and $1,777.50 in attorney fees for 4.5 hours of work including travel and prep time for the deposition. However, it was Plaintiffs' desire to depose Mr. Bugno; whether that occurred on December 29, 2022 or March 30, 2023, is irrelevant. Plaintiffs argue that they are entitled to travel time and mileage for the March 30, 2023, deposition because they would not have incurred those fees and expenses had Mr. Bugno attended the deposition on December 29, 2022. Attorney Brunner did not charge mileage or the full amount of travel time for the deposition on December 29, 2022, because he had also travelled for personal reasons. (*See* ECF No. 46 at 1). This fact is of no consequence here. Mr. Bugno very well may have been unable to attend the deposition on the day that Attorney Brunner had prearranged travel. Thus, it is possible that the deposition would

5

have required to be rescheduled for another date and Plaintiffs would have been required to pay for Attorney Brunner's time and mileage. Such are the costs of litigation. The Court again notes that Plaintiffs' counsel travels from outside the Norther District of Ohio; thus, a large amount of the requested time and fees arise from travel time and mileage incurred simply to be present in the jurisdiction of this Court. Although it is Plaintiffs' right to choose their counsel, and Mr. Bugno did not follow the proper steps in challenging his availability for the deposition, this Court will not recommend sanctions that would serve merely as a punitive measure. This Court recommends denying Plaintiffs' request.

Next, this Court must determine a reasonable hourly rate for the attorney fees awarded. "In determining reasonable hourly rates, the Court may consider the attorneys' regular hourly rates as well as the prevailing community rate for similar work." *Demag Cranes & Components Corp. v. Pinnacle Indus. Servs.*, No. 1:19CV2209, 2021 WL 4394751, at *2 (N.D. Ohio June 24, 2021) (citation omitted). "The burden is on the party seeking attorney's fees to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "A rate determined in this way is normally deemed to be reasonable and is referred to as the prevailing market rate." *Id.* The relevant community here is the Northern District of Ohio. *Mohn v. Geoffrey Goll, Esq.*, No. 4:15CV0476, 2016 WL 1258578, at *2 (N.D. Ohio Mar. 31, 2016) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (relevant community is the legal community within the court's territorial jurisdiction)).

Plaintiffs request attorney fees at a rate of $395 per hour. However, Plaintiffs do not include any evidence that $395 an hour is a reasonable rate for an attorney with "reasonably comparable skill, experience, and reputation" as that of Attorney Brunner. Plaintiffs also do not include any

6

evidence that Attorney Brunner regularly charges $395 an hour. Nonetheless, at the hearing, Attorney Brunner represented to the Court, albeit during an unsworn statement, that his hourly rate is $395. In *Mohn*, the court found that $400 an hour was reasonable for and attorney who had been labeled by an earlier court as "one of the most experienced consumer law practitioners in the state of Ohio." *Id.* at n. 2 (quoting *Johnson v. Cheek Law Offices, LLC*, No. 2:11-CV-1130, slip op. (S.D. Ohio filed May 8, 2014)). Here, Attorney Brunner has been practicing law for 43 years and his practice includes corporate litigation, commercial law, and general litigation.[2] Mr. Bugno did not object to Attorney Brunner's hourly rate of $395.

Accordingly, this Court recommends that Attorney Brunner's hourly rate of $395 be found reasonable.

III. Conclusion

After hearing from the parties and reviewing the relevant case law, this Court recommends that the District Court grant Plaintiffs' request for sanctions against Mr. Bugno for his failure to comply with the subpoena and attend his deposition. Attorney fees should be awarded at an hourly rate of $395 for fifteen minutes, for a total award of $98.75. This amount reflects the total amount of attorney fees and expenses actually incurred as the result of Mr. Bugno's failure to comply with his subpoena and attend the deposition scheduled for December 29, 2022.[3]

---

[2] *See* Westlaw Litigation Analytics for Attorney Rick L. Brunner at https://1.next.westlaw.com/Analytics/Profiler?docGUID=I2E53D65E1DD211B29C004B00C20C14CE&contentType=attorney&view=profile&dataOrchGUID=886d0f3605624869bc17ead4a1ab5ba7&transitionType=Snapshot&contextData=(sc.Default)#/attorney/I2E53D65E1DD211B29C004B00C20C14CE/profile (last visited May 9, 2023).

[3] The Court notes that counsel for Mr. Bugno represented that Mr. Bugno suffers from significant medical problems that make it difficult for him to travel, that Mr. Bugno is indigent, and that the sanctions request is excessive. The Court has not considered Mr. Bugno's health condition or indigent status in making this recommendation as Mr. Bugno failed to appear to the contempt hearing and no evidence was presented on his behalf.

IV.    Recommendation

For the above stated reasons, this Court recommends that Mr. Bugno be sanctioned in the amount of $98.75 for his failure to comply with the subpoena and attend his deposition.

Dated: May 11, 2023

    *s/Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).